**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia**
**Alexandria Division**

Sunlust Pictures, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

**Case No. 1:12cv1271**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE**

Plaintiff **Sunlust Pictures, LLC**, the exclusive rights holder with respect to the copyrighted creative work at issue in this case, which was distributed via the BitTorrent protocol, seeks leave of this Court to serve limited, immediate discovery. The Court should grant this motion because Plaintiff has a demonstrated need for expedited discovery, the request is limited and reasonable and proper under the circumstances.

**FACTUAL BACKGROUND**

Plaintiff, a producer of adult entertainment content, filed its Complaint against the Defendant alleging copyright infringement, contributory infringement, and negligence. (*See* Compl., ECF No. 1.) The Defendant, without authorization, used an online peer-to-peer (õP2Pö) media distribution system to download the copyrighted work and distribute the copyrighted work to the public, including by making the copyrighted work available for distribution to others. (*Id.* ¶ 22.) Although Plaintiff does know the name of the registered users of the IP addresses associated with the infringement, the true name of each Defendant remains still unknown to the

Plaintiff. While it is highly likely that the registered user of the IP address associated with the infringement action indicated in the complaint is indeed the infringer, Plaintiff seeks discovery prior to the Rule 26(f) conference to rule out any other possible Defendant from this action and to give the registered user of the IP address full ability to go on the record, under oath, and identify any third person that engaged in this conduct without the consent of the registered user.

Through previous litigation, the Plaintiff identified the name and address of the registered IP address user associated with each infringing action. Plaintiff has enumerated that user in the complaint. Through affidavits previously accepted by this Court and other federal courts in this country, a prima facie case was presented and subsequently granted to allow the Plaintiff to issue rule 45 subpoenas in advance of the Rule 26(f) conference in each case to be served on various internet service providers. After production of those records and the identification of the registered IP user, Plaintiff now seeks to advance this litigation against the proper Defendant. Plaintiff cannot rule out the possibility of a third party infringer, with certainty, who should be the appropriate Defendant. In lieu of naming the registered user and possibly discovering a third party defendant through normal discovery, the Plaintiff believes it can gather this information via a Rule 30 Oral Deposition on the registered user.

## ARGUMENT

The Court should grant this motion for two reasons. First, Plaintiff has good cause for expedited discovery. Second, allowing the Plaintiff to depose registered IP users is proper under the circumstances where the intent of the request is to properly name the infringers involved in this action.

I.   **PLAINTIFF HAS GOOD CAUSE FOR EXPEDITED DISCOVERY**

For the reasons described herein, the Court has authority to grant the requested relief and Plaintiff has a good cause for seeking expedited discovery.

### A. The Court has Authority to Grant the Requested Relief

This Court has authority to grant a request for expedited discovery. Rule 26(d) gives judges broad power to determine the timing and sequence of discovery. Fed. R. Civ. P. 26(d); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) ("A district court has wide latitude in controlling discovery . . . ."). The Federal Rules rely on the discretion of trial judges to tailor the scope, manner, and timing of discovery to the needs of the case and ensure the just, speedy, and inexpensive administration of justice. *See, e.g.*, Fed. R. Civ. P. 16(b)(3)(B); *id.* 16(c)(2)(F) (setting forth a trial court's power to manage discovery by modifying the timing and extent of discovery through scheduling and case management orders).

### B. Plaintiff has Made a Showing of Good Cause for Expedited Discovery

Although the Fourth Circuit has not articulated a specific standard for analyzing requests for expedited discovery, courts in this jurisdiction and nationwide have used a balancing test to analyze whether Plaintiff has good cause warranting early discovery. *See Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *4, 10 (E.D. Va. Dec. 5, 2003) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002)) (granting expedited discovery under a "balance of hardships" analysis); *Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."); *see also, e.g., Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27, 2008 WL 927558, at *1

(M.D. Fla. Apr. 4, 2008) (recognizing that "expedited discovery may be appropriate in copyright infringement cases" but denying where plaintiff failed to show good cause); *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008) (granting expedited discovery of Doe defendants' identifying information where ISP logs would be destroyed with time and plaintiffs had no other way to obtain the information). Plaintiff has good cause for seeking expedited discovery because it only knows at this time who the registered user of the infringing IP address is. Therefore, this Court should grant Plaintiff's motion.

Plaintiff has good cause for expedited discovery of the Defendant's identity because the infringement is ongoing and continuous, necessitating immediate relief to prevent further irreparable harm to Plaintiff and because this suit cannot properly proceed without this information. Courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool*, 208 F.R.D. at 275–76; *see also Living Scriptures*, 2010 WL 4687679, at *1 (granting motion for expedited discovery of Doe Defendants because "without such information this case cannot commence"). Here, the present lawsuit simply cannot proceed without discovering the identities of the Defendant.

Although Plaintiff was able to observe the Defendant infringing activity through forensic software and later determined who the registered users of the infringing IP addresses belonged to, this system does not allow Plaintiff to access Defendants' computers to obtain identifying information. Nor does this software allow Plaintiff to upload a file onto Defendant's computer or communicate with it in a manner that would provide notice of infringement or suit. Hence, the Plaintiff want to ensure that if the registered user was indeed the infringer, then to name them in this lawsuit. If the registered user was not the infringer, then the registered user can identify the person, under oath and on the record, for whom the Plaintiff should direct litigation towards.

Third, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002); *see also Living Scriptures*, 2010 WL 4687679, at *1 (granting motion for expedited discovery of Doe Defendants because "without such information this case cannot commence"). In particular, courts allow expedited discovery to identify Doe defendants. *AF Holdings LLC v. Does 1-29*, No. 11-CV-1794 (D. Minn. July 28, 2011), ECF No. 3; *Arista Records*, 4:08-CV-1289, 2008 WL 4104563, at *1; *UMG Recordings, Inc.*, 4:07-CV-01889, 2007 WL 4205768, at *1. The present lawsuit simply cannot commence without discovering the identity of the Defendant, or more importantly, ruling out any possible third party Defendant.

### C. Plaintiff's Request is Reasonable Because the Need for the Information is Great While any Prejudice to the Defendant is Non-Existent or Minimal

Finally, discovery of the Defendant's identity will not result in prejudice to them. *E.g.*, *UMG Recordings, Inc.*, 2007 WL 4205768, at *1 (discussing the good cause balancing test and concluding that "no prejudice to the defendants" would result from limited expedited discovery of Doe defendants' identities). Plaintiff's request is reasonable and not prejudicial because Plaintiff's request is limited to information to determine who was using the IP address on the date the infringement occurred; because the Defendant has diminished expectations of privacy; and because the First Amendment does not shield copyright infringement.

#### 1. Discovery is reasonable and does not prejudice the Defendant because Plaintiff's request is limited.

The information requested by the Plaintiff is limited to the Defendant's identity. The Plaintiff intends to use the information disclosed only for the purpose of protecting its rights

under the copyright laws. The information is readily obtainable from the registered user as indicated on the complaint

### 2. Discovery is reasonable and does not prejudice the Defendant because the Defendant has diminished expectations of privacy.

The Defendant has little expectation of privacy because the Defendant diminished these expectations by opening his or her computer to others through peer-to-peer file sharing. Courts have repeatedly rejected privacy objections to discovery of personal contact information in copyright infringement cases, concluding that infringers in these cases have minimal expectations of privacy. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed the infringer's First Amendment right to anonymity); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

Courts have also rejected challenges to disclosure of personally identifiable information based on privacy provisions of Family Educational Rights and Privacy Act ("FERPA") where defendants are students. *See, e.g.*, *Fonovisa, Inc. v. Does 1–9*, No. 07-CV-1515, 2008 WL 919701, *7–*8 (W.D. Pa. Apr. 3, 2008) (concluding that 20 U.S.C. § 1232g(b)(2) expressly authorizes disclosure of "directory information" such as name, address, and phone number; and that a MAC address does not fall within the purview of FERPA at all); *Arista Records LLC v. Does 1–4*, 589 F. Supp. 2d 151, 153 (D. Conn. 2008) (same); *Arista Records, L.L.C. v. Does 1–11*, 1:07-CV-2828, 2008 WL 4449444, at *3 (N.D. Ohio Sept. 30, 2008).

6

In summary, the Court has well-established authority to authorize expedited discovery of identity of the Defendant based on a showing of good cause. Plaintiff has made this showing of good cause because Plaintiff is suffering ongoing, continuous, irreparable harm from the Defendant's infringing activity; because evidence of infringement may be destroyed; and because this information is necessary for this action to continue. The discovery of this information is both reasonable and non-prejudicial because it is readily obtainable from the ISPs; because the Defendant will get a notice and have an opportunity to appear and object; because the Defendant has diminished expectations of privacy; and because the First Amendment does not bar disclosure of their identities when he or she engage in copyright infringement. For these reasons, the Court should grant Plaintiff's motion for expedited discovery. This *ex parte* relief is also appropriate because the discovery is necessary to identify the Defendant.

## CONCLUSION

The Court should grant Plaintiff's motion for two reasons. First, Plaintiff has good cause for expedited discovery because infringement is ongoing and continuous, necessitating immediate relief to prevent further irreparable harm; because physical evidence of infringement may be destroyed with the passage of time; and because this suit cannot proceed without this information. The discovery is reasonable and does not prejudice the Defendant because Plaintiff's request is limited and the information is easily obtainable from third parties; because the Defendant has diminished expectations of privacy; and because the First Amendment does not provide a license to infringe copyrights. Therefore, Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

                                      Respectfully submitted,

DATED: November 9, 2012

                                      By:    /s/ Timothy V. Anderson
                                      Timothy V. Anderson
                                      Anderson & Associates, PC
                                      2492 North Landing Rd Ste 104
                                      Virginia Beach, VA 23456
                                      757-301-3636 Tel
                                      757-301-3640 Fax
                                      timanderson@virginialawoffice.com
                                      *Attorney for Plaintiff*